## In Re Anonymous No. 41 D.B. 83

Disciplinary Board Docket No. 41 D.B. 83.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania

BROWN, *Member* June 10, 1985—Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith sub-

mits its findings and recommendations to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS:

The Office of the Disciplinary Counsel filed a petition for discipline against [respondent] on July 18, 1983 and thereafter filed an amended petition for discipline on March 16, 1984. Both petitions were served on respondent by substituted service pursuant to Pa.R.D.E. 212. An appropriate affidavit of substitute service is filed to record. Respondent did not reply to the allegations contained in the petition, nor did he participate in the hearings held by hearing committee [      ] on January 23, 1984 and May 16, 1984.

Respondent was charged with failure to take action or return fees and expenses in an adoption matter; failure to return documents to a client; and failure to file two appellate briefs in criminal matters. The hearing committee convened to hear this matter found that respondent did in fact commit the alleged offenses. Respondent was determined to have violated D.R. 2-110(A)(2); D.R. 6-101(A)(3); D.R. 7-106(C)(7) and D.R. 9-102(B)(4) which relate generally to lack of competence and fidelity regarding a lawyer's discharge of his professional obligations. Consequently, the hearing committee recommended that respondent receive a suspension of three years and be required to return a $3,000 expense advance to the parties who had retained him in an adoption matter in which he failed to act. The hearing committee noted that respondent was already transferred to inactive status. The office of the Disciplinary Counsel filed a letter request for additional findings and conclusions claiming that in Charge One the additional finding of conversion

should be made and consequently respondent's conduct was violative of D.R. 1-102(A)(3) and (4); 9-102 (B)(2) and 9-102(B)(3).

## II. FINDINGS OF FACT

This matter involves four separate charges. Generically each charge relates to respondent's failure to complete matters wherein he had accepted professional responsibility, and on one occasion respondent failed to return advanced expenses.

### Charge I

Respondent was retained by Mr. and Mrs. [A] for a private adoption of an infant born November 9, 1980 and received a $3,000 cash payment on November 12, 1980 which was to be used for expenses for the natural mother. Although respondent arranged for the [A]s to physically receive the infant at birth, he did not file a petition for adoption or any other required pleading. The [A]s attempted for nearly two years to contact respondent without success. Consequently, they were required to retain additional counsel and pay additional fees and expenses. The adoption was never completed by respondent but was in fact completed by other counsel in 1983. Respondent failed to pay the expenses for the natural parents or otherwise refund the money received from the [A]s.

### Charge II

Respondent was retained to represent the estate of [B], deceased, and in that capacity received certain corporate records of [C] Tool and Die Company

in which the decedent had a substantial interest. The operative facts relating to this matter occurred in January of 1976. Five years later decedent's brother, a major stockholder in [C] attempted to contact respondent in order to secure the return of the corporate documents. Respondent was contacted on one occasion by phone and agreed to return the documents. Said documents were never returned and the expenses relating to the subsequent sale of [C] were consequently increased.

## Charge III

Respondent was retained to represent [D] in a criminal proceeding filed at [     ] and filed a timely Notice of Appeal. On July 1, 1981, the trial court enered an order directing respondent to file a statement of matters complained of an appeal within 30 days. The prothonotary wrote respondent on August 28, 1981 directing that he comply with the order. The prothonotary's office attempted to contact respondent without success. Ultimately, the case was remanded for appointment of new counsel on January 14, 1982.

## Charge IV

Respondent was retained to represent [E] in a criminal appeal filed in the Superior Court at No. [     ]. Although he filed a timely notice of appeal he did not reply to the prothonotary's certified letter of April 15, 1981 advising him that his brief was due on May 25, 1981. Respondent was granted a sua sponte extension to July 24, 1981. Respondent never filed a brief nor did he request an extension and this matter was remanded for appointment of new counsel on October 26, 1981.

## III. CONCLUSIONS OF LAW

The board concluded that the facts as alleged in the petition were clearly established by the appropriate burden of proof and that with respect to the [A] adoption matter, respondent violated D.R. 2-110(A)(2) and D.R. 6-101(A)(3); with respect to the [C] corporate records matter, respondent violated D.R. 2-110(A)(2) and D.R. 9-102(B)(4); and with respect to the [D] and [E] appeals, respondent violated D.R. 6-101(A)(3) and D.R. 7-106(C)(7).

## IV. DISCUSSION

The hearing committee noted that respondent, who did not participate in the proceedings, apparently practiced law in the Commonwealth without serious incident from 1971 until he appeared to have abandoned his office some time in 1982. During the terminal period of his practice, he was clearly guilty of wholesale neglect; consequently, the hearing committee recommended that respondent be suspended for a period of three years and ordered to pay restitution to the [A]s. The hearing committee's evaluation of the evidence led it to conclude that respondent's culpability was predicated upon neglect rather than intentional wrong doing. Petitioner asserts that respondent's conduct rises to the level of conversion. The board however has concluded that the appropriate action in this matter involves acceptance of the hearing committee's recommendation with the addendum that interest should be included in the restitution at a rate appropriate to constitute full and adequate compensation to the [A]s and that costs be assessed relating to the processing of this matter.

## V.  RECOMMENDATION

The Disciplinary Board of the Supreme Court hereby recommends that [respondent], be suspended from the practice of law for three years. Further, the said [respondent] be directed to refund to Mr. and Mrs. [A] or their heirs the sum of $3,000 with interest at a rate appropriate to constitute full and complete restitution. It is further recommended that the aforesaid respondent pay all costs of investigation and prosecution related to this matter.

Messrs. Mundy, Brown, Padova and Tumolo did not participate in the adjudication.

## ORDER

NIX, *C.J.*, And now, this August 2, 1985, upon consideration of the recommendation of the Disciplinary Board dated June 10, 1985, it is ordered that [respondent], be and he is suspended from the Bar of the Commonwealth for a period of three years, and he shall comply with all the provisions of Rule 217, Pa.R.D.E. Respondent is directed to refund to Mr. and Mrs. [A] or their heirs the sum of $3,000 with interest at a rate appropriate to constitute full and complete restitution. It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

Mr. Justice Flaherty, Mr. Justice Hutchinson and Mr. Justice Papadakos dissent and would issue a rule to show cause why respondent should not be disbarred.